Argued 26 March, decided 30 April, 1907.

### TILLAMOOK COUNTY *v.* WILSON RIVER ROAD CO.

89 Pac. 958.

TURNPIKES AND TOLL ROADS—COUNTIES—CONTRACTS—LEASE OF ROAD.
1. A county contracted with a toll road company by which the county leased to the company for a specified term a county road to be repaired and maintained by it in the location of the toll road. The lease recited that the road was a public burden, requiring large expenditures of money to maintain it, as an inducing cause for the lease. *Held,* that the contract was a lease enforceable under B. & C. Comp. §§ 4937-4950, relating to counties leasing public roads and fixing a rate of toll, etc., and was not an agreement executed under Sections 5074, 5077, relating to proceedings to condemn land for a public use.

ACTION—JOINDER OF ACTIONS.
2. A county in a suit for the forfeiture of a lease of a county road for failure of the lessee to comply with the terms thereof cannot join a claim to avoid the lease because made without authority or not fully executed.

ACTION—COURTS—JURISDICTION.
3. Under B. & C. Comp. § 4946, authorizing the district attorney of a county to "maintain an action" against a lessee of a county road to have the lease declared forfeited for failure to comply with its provisions, etc., the proceeding referred to is a suit for cancellation and not a law action.

From Tillamook: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by Tillamook County against the Wilson River Road Co. to cancel and annul an agreement or lease between the plaintiff and defendant. There was decree for defendant, and plaintiff appeals. In the year 1901 the plaintiff and the defendant entered into an agreement by which plaintiff leased to

the defendant for a term of 50 years, a certain county road, to be repaired and maintained by it, as necessary and convenient in the location of the toll road which it was organized to open and maintain, defendant to hold plaintiff harmless from liability by reason of any accident thereon. The plaintiff alleges that in the making of this lease the terms of Section 4938, B. & C. Comp., were ignored, which requires the county court to advertise for bids for such leasing, and also the failure of the defendant to execute the undertaking required by Section 4940, B. & C. Comp., for the faithful performance of the terms of the lease; that the defendant has failed to keep the road in repair, and the same is now unsafe and dangerous to the public travel, and asks that the lease be canceled, annulled and forfeited. A motion was filed by the defendant to strike out of the complaint the allegations of failure to comply with the terms of Sections 4938 and 4940, B. & C. Comp., in the execution of said lease, which motion was sustained by the court, and thereafter a demurrer to the complaint was filed on the ground that it does not state facts sufficient to constitute a cause of suit, which was sustained and the suit dismissed.    REVERSED.

For appellant there was a brief over the names of *John H. McNary,* District Attorney, *W. H. Cooper* and *W. H. Holmes,* with oral arguments by *Mr. McNary* and *Mr. Holmes.*

For respondent there was a brief over the name of *Handley & Thayer.*

Opinion by MR. JUSTICE EAKIN.

1. Plaintiff brings this suit under Section 4946, B. & C. Comp., which provides that where a lessee, under the provisions of Sections 4937-4950, B. & C. Comp., fails or neglects to comply with the provisions of the lease, the district attorney may bring an action to have the lease declared forfeited. Defendant claims that this lease or contract was executed under Sections 5074 and 5077, B. & C. Comp., relating to condemnation proceedings. The agreement provided for in Section 5077, B. & C. Comp., is not a lease, but results in condemnation, as though

accomplished by judgment. There is nothing in the complaint or in the lease to indicate that it was intended as an agreement in condemnation, but, on the contrary, appears to be made to comply with or to take advantage of the terms of Section 4937, B. & C. Comp., which provides that whenever a road is so located that there is little or no labor along the line of it, the county may lease it to a corporation to open, improve and keep the same in repair for a period not exceeding 10 years.

The lease recites that the road is a great public burden, requiring large expenditures of money to maintain it, as an inducing cause on the part of the county to make the lease. It contemplates that the county is still the owner of the road and liable for its condition, and we conclude that the contract is a lease, and therefore must be construed and enforced under the provisions of Sections 4937-4950, B. & C. Comp., inclusive.

2. Section 4946, B. & C. Comp., under which plaintiff brings this suit, only provides for forfeiture of the lease for failure to comply with its provisions, and therefore plaintiff cannot join in the same proceeding a claim to avoid the contract because made without authority, or because not yet fully executed by filing the undertaking provided for, therefore the motion to strike out was properly allowed.

3. The complaint sufficiently alleges the failure and neglect by the defendant to comply with the provisions of the lease. Defendant, however, insists that the proceeding under this section should be at law, and not in equity. The language of Section 4946, B. & C. Comp., "may maintain an action," must be construed to mean suit in equity for the reason that the relief provided for therein can only be granted by a court of equity. Pomeroy (volume 1, § 170) says: "Another quality of the distinctively equitable remedies * * is their specific character, both with respect to substance and form. Except in actions to recover possession of land or of chattels, the legal remedies by action are all general recoveries of specified sums of money." Here the relief sought is the forfeiture of the lease; in other words, to cancel the instrument by which defendant holds title,

so that plaintiff may be restored to its title and possession. This belongs exclusively to equitable remedial jurisdiction. Mr. Pomeroy, in defining exclusively equitable jurisdiction, mentions several classes of subjects, under the second of which he says:. "The important remedies contained in this class are re-execution of instruments, reformation of instruments, surrender or discharge of instruments and cancellation or rescission": Section 171, B. & C. Comp. And such relief cannot be given in an action at law.

The term "action," used in Section 4946, B. & C. Comp., is not necessarily equivalent to "action at law." In *Ex parte Milligan,* 71 U. S. (4 Wall.) 2, 112 (18 L. Ed. 281), it is said: "In any legal sense, 'action,' 'suit' and 'cause' are convertible terms." Anderson's Dictionary adopts this language, and Bouvier's definition in its broader meaning includes suits. Our own statute maintains a distinction between "action at law" and "suit in equity," indicating that the distinction is not based upon the word "action" alone; and in *Fenstermacher* v. *State,* 19 Or. 504, 506 (25 Pac. 142), it is held that the term "civil actions" includes actions at law and suits in equity. The provisions of this section determine that the remedy is in equity; and whether there is some relief that might be obtained at law is immaterial. It would not be adequate nor would it exclude equitable jurisdiction under this statute, and the court committed error in sustaining the demurrer.

Cause reversed and remanded for such further proceedings as may be deemed proper and not inconsistent with this opinion.

REVERSED.