Argued at Pendleton May 4, affirmed June 8, 1926.

## H. V. SCHMALZ *v.* RECTOR ARNWINE.

[246 Pac. 718.]

**Appeal and Error—Admission of Evidence of Full Value of Each Item of Attorney's Services Held not Error, Though Totaling More Than Amount Demanded, Jury Being Instructed to Return Verdict for No More Than Such Amount.**

1. In attorney's action for compensation, court did not err in admitting evidence as to full value of each item of services rendered, though totaling more than amount demanded in complaint, jury being instructed to return verdict for no more than such amount notwithstanding value of services.

**Witnesses—Attorney's Testimony, in Action for Compensation, as to Services in Criminal Prosecutions, Held not Inadmissible Because Affecting Defendant's Credibility as Witness—"Case"—Cause.**

2. In attorney's action for compensation, plaintiff was entitled to prove services in prosecutions of defendant for larceny of bacon and still, in which indictments were defective and new indictments returned, despite the claim that this proof magnified the offenses so as to affect defendant's credibility as a witness, especially as there

were only two cases; "case" meaning "cause," a state of facts which furnishes occasion for exercise of jurisdiction of court.

**Attorney and Client—Intricacy, Difficulty or Novelty of Legal Questions Involved and Importance of Cause to Client may be Considered and Evidence Thereof Introduced, to Determine Value of Services.**

3. In attorney's action for compensation, intricacy, difficulty or novelty of legal questions involved and importance of cause to client may be considered, and evidence thereof introduced, to determine value of services.

**Attorney and Client.**

4. Attorney suing for compensation must prove value of his services.

**Attorney and Client—Attorney's Ability, Standing, Skill, Experience and Reputation as Specialist, Necessity and Demand for Services, Nature of Controversy, Questions Involved and Importance of Litigation, Responsibility Assumed, Time and Labor Expended, and Benefits Therefrom, Amount Involved, Result and Other Attendant Circumstances, are Considered in Determining Reasonable Value of Services.**

5. In determining reasonable value of attorney's services, his ability, standing, skill, experience and reputation as specialist in line of business in which retained, necessity and demand for his services, nature and character of controversy, questions involved, and importance of litigation, responsibility assumed, time and labor expended, and benefits therefrom, amount involved, result and other attendant circumstances which, according to established usage, will aid in determining proper charge, are customarily considered.

**Attorney and Client—Problems Involved in Determining Value of Attorney's Services in Civil and Criminal Causes, Including Prosecutions for Felonies, Held for Jury.**

6. Problems involved in determining value of attorney's services in civil and criminal causes, including prosecutions for felonies of burglary and larceny, *held* fact questions for jury in action for compensation.

**Appeal and Error—Overruling of Objection to Opposing Counsel Reading and Commenting on Allegations in Pleadings as Conflicting will not be Considered, Where Statements, Objection and Ruling are not Disclosed by Bill of Exceptions.**

7. Whether court erred in overruling defendant's objection to plaintiff's counsel reading and commenting on allegations in original answer as in conflict with amended answer will not be considered,

---

4. See 2 R. C. L. 1038.
5. What constitutes reasonable attorney's fee in absence of provision in contract or statute fixing amount, see note in 9 A. L. R. 237. See, also, 2 R. C. L. 1059.

where bill of exceptions does not disclose what counsel ,said or what objection or ruling was made.

**Trial.**

8.  Jurors' affidavits will not be received to impeach their verdict.

Appeal and Error, 4 **C. J.**, p. 241, n. 75.
Attorney and Client, 6 **C. J.**, p. 750, n. 22, p. 751, n. 23, 24, 25, 26, 27, p. 752, n. 28, p. 760, n. 88, 94.
Case, 10 **C. J.**, p. 1247, n. 51, 52.
Judgment, 33 **C. J.**, p. 1163, n. 95.
New Trial, 29 **Cyc.**, p. 983, n. 5.

From Harney: DALTON BIGGS, Judge.

In Banc.

The plaintiff recovered judgment for $875, for attorney's fees, from which defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Cook & Cook.*

For respondent there was a brief over the names of *Mr. M. A. Biggs* and *Mr. C. H. Leonard,* with an oral argument by *Mr. Biggs.*

BROWN, J.—This is a civil action prosecuted by an attorney at law, who is seeking to recover compensation for professional services rendered to the defendant. The case was tried in the Circuit Court of the State of Oregon for Harney County. It was filed on May 26, 1925. The action was based upon an account for the alleged reasonable value of professional services rendered by the plaintiff to the defendant between August 21, 1921, and October 31, 1924. The complaint alleges the value of such ser-

8.  See 27 **R. C. L.** 896.

vices to be the sum of $1,550, which were rendered by the plaintiff to the defendant in appearing and representing him in a number of criminal and civil actions heard in the courts. It was averred that no part of the $1,550, representing the aggregate sum due on twelve different items of services rendered, had been paid, excepting $275, leaving a balance due, owing and unpaid from the defendant to the plaintiff of $1,275.

In his first answer the defendant, in answering plaintiff's complaint, put in issue the value of plaintiff's services, and averred payment. In an amended answer he denied value and plead settlement, satisfaction and discharge of any and all claims due or owing from him to plaintiff for such attorney's fees. This action came on for trial, and was heard on October 9 and 10, 1925, when a verdict was returned by a jury in favor of plaintiff in the sum of $825, upon which judgment was entered. Later, a motion for a new trial was made and overruled.

1. The defendant asserts that the lower court committed error growing out of the following facts: The complaint demands judgment for a balance of $1,275; an itemized bill for plaintiff's alleged professional labors served upon the defendant shows that the several items aggregate a sum amounting to $2,167,50, less $275, paid thereon. The difference in the amount alleged to be due and the sum set forth in the itemized statement is accounted for by this notation, made a part of the itemized account: "Action has only been brought for the collection of $1,550, we having taken off about 25 per cent in order to make our charges as reasonable as possible."

It is asserted that the court committed error in allowing the plaintiff to submit evidence tending to establish the full value of each item as charged, and instructing the jury in relation thereto.

It appears that the payment of $275, was not credited to any particular item, but was allowed as payment on the total amount due. To establish an issue made in the trial of the cause, the plaintiff offered testimony, which was admitted over objection and exception, tending to show the value of the plaintiff's services for each item charged in the account. It is difficult to understand how the real value of such services could be established unless witnesses were permitted to testify thereto. The court was careful to instruct the jury that no verdict could be returned for a greater total amount than $1,275, the sum asked for in the complaint, notwithstanding the value thereof. The court did not err in its ruling.

2. Error is also asserted from the fact that some of the items of service grew out of certain criminal actions, one for the larceny of bacon from a smokehouse, the other for larceny of a still from the courthouse of Harney County. The defendant asserts that in the admission of plaintiff's evidence he was permitted to testify to more than two criminal offenses, and that such testimony had a tendency to affect the credibility of the defendant as a witness. In his brief the defendant says: "We think that possibly a man charged with two (2) crimes might have a chance to have some reliance placed upon his testimony by the jury, but after those alleged crimes had been magnified into five (5), the testimony which might be given by a witness before that jury would receive very little consideration."

The record does not show five cases as asserted by the defendant. The record does show defective indictments and resubmission of the causes therein charged to the grand jury. In a legal sense there was one case involving the larceny of six hams, four shoulders and "eight pieces of bacon" of the aggregate value of $74. On account of an imperfect indictment being challenged the case was resubmitted to the grand jury, and another indictment returned. The defendant was the same, the bacon was the same bacon alleged to have been stolen in the original indictment, and all the circumstances were identical with the original transaction; it was not a different case, it was the same offense. In a legal sense "case" means "cause," "a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice." 10 C. J. 1247.

The defendant was also accused by indictment of the grand jury of the crime of larceny, by feloniously stealing, taking and carrying away four sacks of sugar, valued at $40, four boxes of peaches valued at $14, and one still valued at $100, the personal property of W. A. Goodman, sheriff of Harney County. The indictment having been resubmitted, the grand jury subsequently reported into court another indictment charging the larceny of the same property at the same time, by the same defendant, and the identical transaction was charged in each indictment; hence the same case was involved. The plaintiff was one of defendant's attorneys throughout all court proceedings.

3. The value of the plaintiff's services in representing the defendant in the criminal cases above referred to was made a matter of issue, and the court

properly admitted the testimony relating to the services of plaintiff in each of the criminal cases.

"It is customary and permissible, in actions for compensation, to introduce evidence as to the nature and extent of the services rendered, for the purpose of showing their value. Thus, the questions of law involved—their intricacy, difficulty, or novelty—may be shown. * * The importance of a cause to the client is worthy of consideration in determining the value of the attorney's services, and evidence thereof may be introduced for that purpose." 2 Thornton on Attorneys at Law, §§ 535, 536. See, also, 2 Ency. Ev., p. 154.

4. In the cause at issue it should require no citation of authority in support of the proposition that an attorney at law who sues for compensation must prove the value of his services. We have seen that the importance of the litigation to the defendant is a matter fit for consideration in fixing the value of the attorney's fees. In the case at bar, the defendant was accused of the commission of felonies; in truth, the indictments charged both burglary and larceny. The court carefully instructed the jury in the matter of the elements to be considered in determining the reasonable value of the plaintiff's services.

5. In determining the reasonable value of the services performed by an attorney, it is customary to consider:

"(1) The ability, standing, skill and experience of the attorney: (2) his reputation as a specialist in the particular line of professional business in which he was retained: (3) the necessity and demand for his services: (4) the nature and character of the controversy, the questions involved therein, and the importance of the litigation: (5) the responsibility assumed: (6) The time and labor expended, and the

benefits derived therefrom: (7) The amount involved, (8) the result: and (9) any other circumstances attending the cause, which, according to established usage, will serve as a guide in determining what is a proper charge.'' 2 Thornton on Attorneys at law, § 449.

6. The problems in the cause at issue were questions of fact determinable by the jury under apt instructions which were duly given to the jury.

7, 8. In his brief the defendant contends that the court erred in overruling his objection to plaintiff's counsel reading and commenting upon certain allegations contained in the original answer as being in conflict with the amended answer. The bill of exceptions fails to disclose what the counsel said, or what, if any, objection or ruling was made thereto. Finally the affidavits of certain jurors are relied upon to impeach their verdict. Such affidavits will not be received for that purpose: *State* v. *Smith*, 43 Or. 118 (71 Pac. 973).

The record before us fails to disclose prejudicial error; therefore, the judgment of the lower court is affirmed.                         AFFIRMED.