On petitioner's petition for review filed August 31, of a decision of the Court of Appeals dismissing petitioner's appeal, petition allowed, order of dismissal affirmed
October 30, 1984

HALE,
*Petitioner on Review,*

*v.*

COUNTY OF MULTNOMAH,
*Respondent on Review.*

(A8104-02187; CA A32253; SC S31088)

689 P2d 1290

Robert J. Morgan, Milwaukie, and Emil R. Berg, Portland, filed petition August 31, 1984 on behalf of petitioner on review.

## MEMORANDUM OPINION

Petitioner, plaintiff below, petitions this court for review of the decision of the Court of Appeals dismissing his appeal from a judgment entered in behalf of Multnomah County following the granting of its motion for summary judgment. We agree with petitioner's assertion that the reason given by the Court of Appeals for the dismissal was inappropriate. Nevertheless, we affirm the dismissal for a different reason.

Petitioner brought an action in negligence against nine defendants, including Multnomah County. After petitioner filed his Ninth Amended Complaint in the trial court, defendant Multnomah County moved for summary judgment. The trial court granted the motion for summary judgment and caused an order to be filed thereon. At the same time, the trial court signed and caused to be filed a document entitled "Final Judgment," which stated "that there was no just reason for any delay in entering a final judgment" and granted judgment in favor of Multnomah County against petitioner. The judgment had no direct effect upon the issues remaining in the case or the remaining parties.

Petitioner filed his notice of appeal. Multnomah County moved to dismiss the appeal as premature, contending that it was not final, notwithstanding the title "Final Judgment." Multnomah County relied on a series of cases from the Court of Appeals that previously required the trial court to set forth its reasons for finding that there was no just reason to delay entering a final judgment as to some, but not all, parties or claims in an action.

On July 27, 1984, the Court of Appeals dismissed petitioner's appeal, reciting in its order that the Court of Appeals lacked jurisdiction because the judgment "does not dispose of all claims alleged against all parties at trial." This reason cited by the Court of Appeals was not, and is not, a reason for dismissing an appeal.

Twelve days after the appeal was dismissed, our decision in *May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984) came down. Petitioner filed a petition for review, which, pursuant to Oregon Rule of Appellate Procedure 10.10, was treated by the Court of Appeals as a motion

for reconsideration. Thirty-seven days after our decision in *May* came down, the Court of Appeals denied reconsideration. The dismissal of the appeal remained in place.

As in *May v. Josephine Memorial Hospital, supra,* the question in this case brings into play ORCP 67 B.[1] As we stated in *May v. Josephine Memorial Hospital, supra,* 297 Or at 530:

> "All that is required under ORCP 67 B. to obtain an appealable judgment rather than an intermediate order is for the trial court to take two separate steps. The trial court must make 'an express determination that there is no just reason for delay' and it must make 'an express direction for the entry of judgment.' Before directing entry of judgment, the trial court must reach two conclusions: (1) that the case includes either multiple claims, multiple parties or both, and (2) that either one or more, but fewer than all, claims have been decided, or that all the rights and liabilities of at least one party have been completely adjudicated."

■ While the trial court's "express direction for the entry of judgment" remains reviewable as noted immediately above, the trial court's "express determination that there is no just reason for delay" cannot be reviewed on direct appeal. *May v. Josephine Memorial Hospital, supra,* 297 Or at 531.

■ Although in this case the trial court made an express determination that there was no just reason for delay, the document entitled "Final Judgment" signed by the trial court does not contain an "express direction for the entry of judgment" and thus does not track the language of ORCP 67 B. Even though it is implicit that the trial court intended that the judgment be entered immediately, and not at the conclusion of the entire action, we hold that the absence of an

---

[1] ORCP 67 B. provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

express direction to enter judgment is fatal. We read the plain language of ORCP 67 B. as requiring such an express direction:

"* * * In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Thus, plaintiff can appeal the judgment entered in favor of Multnomah County at the conclusion of the action.

The petition for review is allowed. The order of dismissal entered by the Court of Appeals is affirmed.