Argued and submitted June 3, peremptory writ of mandamus issued December 3, 1986

## STATE ex rel GATTMAN,
*Plaintiff-Relator,*

*v.*

## ABRAHAM,
*Defendant.*

(SC S32317)

729 P2d 560

Wayne Mackeson, Portland, argued the cause and filed the brief for plaintiff-relator. With him on the brief was Des Connall, P.C., Portland.

I. Franklin Hunsaker, Portland, argued the cause and filed the brief for defendant. With him on the brief were Stephen F. English, and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Before Peterson, Chief Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices.

CAMPBELL, J.

## CAMPBELL, J.

This original proceeding in mandamus concerns trial court jurisdiction after a notice of appeal from a partial judgment under ORCP Rule 67B. The relator is the plaintiff in a civil action in the Multnomah County Circuit Court entitled *Gattman v. Favro*. The defendant in this proceeding is the circuit judge who was assigned the action for trial. The presiding judge previously granted an ORCP 67B. judgment in favor of one of the defendants in the Multnomah County action. The plaintiff filed a notice of appeal to the Court of Appeals from that judgment. After trial had commenced on a remaining claim against a remaining defendant, the trial judge allowed a mistrial on the grounds that he did not have jurisdiction of the case.

This court granted an alternative writ of mandamus which required the trial judge to show cause why he did not proceed with the trial of the Multnomah County case against the remaining defendant. The trial judge's answer in effect alleged that he had been ousted of jurisdiction over the entire case because of the appeal to the Court of Appeals.

The issue is whether under ORS 19.033(1) a notice of appeal from a judgment entered pursuant to Rule 67B. of the Oregon Rules of Civil Procedure divests the trial court of jurisdiction to try the remaining claims against other parties not affected by the judgment. We hold that the trial court has jurisdiction of the remaining claim and defendant, but it is within its discretion either to set the case for trial or to postpone the trial until the appeal is determined. Therefore, we allow the writ directing the trial judge to exercise that discretion.

Gattman's third amended complaint in the Multnomah County case named the following defendants: "NEIL FAVRO; BUZZARD'S ROOST TAVERN, INC., an Oregon corporation; BORRELLI ENTERPRISES, INC., a foreign corporation; and CHARLES TIBBETT, doing business under the assumed business name THE SANCTUARY TAVERN."[1]

---

[1] The third amended complaint alleged that Borrelli Enterprises, Inc. was authorized to do business under the assumed business name of "Red Baron Steak House at Troutdale" and that it operated a lounge at the Troutdale airport.

The third amended complaint alleged four claims for relief: (1) defendant Favro battered plaintiff by stabbing him repeatedly without justification or excuse causing severe and permanent injuries; (2) plaintiff's injuries were "foreseeably caused" by negligence of each of the three defendant drinking establishments; (3) plaintiff's injuries were caused by violations of ORS 30.950 by defendants Borrelli Enterprises and Tibbett who were strictly liable; and (4) defendant "Borrelli Enterprises, Inc. is liable for all damages discussed against defendant Favro pursuant to ORS 30.950."[2]

On July 31, 1985, defendant Borrelli Enterprises filed an ORCP 21A.(8) motion against the third amended complaint alleging that plaintiff had failed to state sufficient ultimate facts to constitute a claim. The trial court granted Borrelli Enterprises' motion and on September 4, 1985, entered an ORCP 67B. judgment dismissing plaintiff's claims against that defendant. The judgment was based upon the trial court's "express determination that there is no just reason for delay" and its "express direction for entry of judgment." On October 1, 1985, plaintiff appealed that judgment to the Court of Appeals.

On October 16, 1985, plaintiff's claim of relief against Buzzard's Roost Tavern came on for trial. Because an order of default previously had been entered against defendant Favro and a summary judgment had been granted in favor of defendant Tibbett, the sole remaining defendant was Buzzard's Roost Tavern. On October 18, on motion of Buzzard's Roost Tavern, the trial court granted a mistrial on the grounds that it did not have jurisdiction to try the case. The trial judge stated the reasons for his rulings as follows:

> "* * * Well, the Court, after extensive consultation with counsel on the issue and discussion with them, certainly is not overwhelmed that the issue is clear, but is satisfied from research that has been done that Rule 67B. which permits the Court to enter a final judgment after making certain findings as to one of the parties in a multiple party case, has the effect

---

[2] ORS 30.950 provides as follows:

"No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

when read with ORS 19.033, when an appeal has occurred from that judgment, to remove jurisdiction for the trial court to proceed with an adjudication of the case to other parties.

"The Court makes that interpretation based upon the *May* decision--specifically, *May v. Josephine Memorial Hospital, Inc.,* 297 Or 525, [686 P2d 1015 (1984)]. Although there is no case that has been decided that is directly on point on the issue that is confronting us here, the *May* case strongly suggests that the trial of the rights, claims and defense of other parties must be postponed while the appeal is pending, because the *May* case lists that as one of the things a trial judge should take into account in deciding whether or not to allow a final judgment as to one of the parties."

On November 18, 1985, plaintiff-relator filed the petition for an alternative writ of mandamus in this court. The petition recited the chronological history of *Gattman v. Favro,* and prayed for a writ commanding that Philip T. Abraham, defendant herein, vacate his ruling of October 18, 1985, and set a new trial date. The alternative writ issued on February 7, 1986.

The issue in this case involves the interpretation and application of parts of ORS 19.033(1) and ORCP 67B. The relevant parts are:

ORS 19.033(1):

"When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have *jurisdiction of the cause,* pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law and shall retain jurisdiction for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute." (Emphasis added.)

Rule 67B.:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The defendant trial judge's position in this court is that when relator appealed to the Court of Appeals from the 67B. judgment in favor of Borrelli Enterprises, the Court of Appeals had jurisdiction of the entire case and the trial court had no jurisdiction to try the claim against Buzzard's Roost Tavern. This position is based upon the premise that the term "the cause" in ORS 19.033(1) refers to the entire case and not to that portion of the case affected by the ORCP 67B. judgment.

The relator's opposite position presents a clear-cut issue. He claims that the purpose of ORCP 67B. is to make an immediate appeal available on a separate claim as a distinct judicial unit while the trial court retains jurisdiction of the balance of the case. To reach that conclusion, relator contends that the term "the cause" in ORS 19.033(1) means that part of the case which results in the ORCP 67B. judgment and not the entire case.

ORCP 67B. is identical to Federal Rule of Civil Procedure 54(b). We have previously held that when ORCP 67B. was adopted, it was intended that the Oregon courts should follow the existing federal caselaw in interpreting the rule. *State ex rel Zidell v. Jones,* 301 Or 79, 89, 720 P2d 350 (1986). The trouble is that federal cases on the precise issue in this case are as difficult to find as bourbon at a prayer meeting. However, there are federal cases that are based upon the premise that an appeal from a 54(b) judgment does not oust the trial court of jurisdiction as to the remaining claims and remaining parties. We were unable to find any cases that indicate an opposite premise.

In *Sears, Roebuck & Co. v. Mackey,* 351 US 427, 76 S Ct 895, 100 L Ed 1297 (1956), the United States Supreme Court, in discussing FRCP 54(b), said:

"In this form, it does not relax the finality required of each decision, as an individual claim, to render it appealable, but it does provide a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on *all* the claims in the case. The amended rule does not apply to a single claim action nor to a multiple claims action in which all of the claims have been finally decided. It is limited expressly to multiple claims actions in which 'one or

more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal.

"To meet the demonstrated need for flexibility, the District Court is used as a 'dispatcher.' It is permitted to determine in the first instance, the appropriate *time when each 'final decision'* upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." 351 US at 435. (Emphasis in original, footnotes omitted).

In *Curtiss-Wright Corp. v. General Electric Co.,* 446 US 1, 100 S Ct 1460 64 L Ed 2d 1 (1980), the district court entered a 54(b) judgment for Curtiss-Wright on one of its claims. The Court of Appeals reversed and held that the District Court had abused its discretion in granting the Rule 54(b) certification. The United States Supreme Court in turn reversed the Court of Appeals and held that 54(b) certification was proper because the District Court did not abuse its discretion in considering among other things that "the rest of the litigation would be expected to continue" for "many months, if not years." 446 US at 11.

An example of how the federal trial courts use FRCP 54(b) is set out in *Miller v. Cudahy Co.,* 592 F Supp 976 (D Kan 1984). There the multiple plaintiff landowners in multiple claims sought damages arising from the salt pollution of their fresh underground water supply. The United States District Court for Kansas stated:

"Because the Court must retain jurisdiction over the punitive damage award and the clean-up effort, no final judgment as to all claims, rights and liabilities of these parties can be entered at this time. However, the Court expressly determines that there is no just reason to delay the entry of a final judgment on the issues of liability and the amount of actual damages, and that the entry of such a final judgment would permit an appeal to proceed concurrently with the installation of the monitor well system and the preliminary engineering work on the clean-up alternatives. Such a concurrent appeal would be in the best interests of all concerned. The Court, therefore, will expressly direct the entry of a final judgment on the issues of liability and actual damages, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure." 592 F Supp at 1008.

6 Moore's Federal Practice 54-263 (2d ed 1986) makes the following comment as to FRCP 54(b):

"Under the plain language of the Rule [54(b)] and because of the discretion vested in the district court, the court is not limited to the execution of a single certificate; but may execute one, two or more, *i.e.*, a certificate to accompany any adjudication that fully disposes of at least one claim, or of the interests of at least one party, until it has fully adjudicated the entire case. The adjudication that finally disposes of all the claims, or of the interests of all the parties need not be accompanied by a certificate."

The leading case in Oregon on ORCP 67B. is *May v. Josephine Memorial Hospital,* 297 Or 525, 530-31, 686 P2d 1015 (1984), wherein this court set out the policy, purpose and application of the rule as follows:

"ORCP 67B. was adopted in response to Oregon's liberalized joinder statutes which allow the liberal joinder of parties and claims. The purpose of the rule is to make an immediate appeal available on a distinctly separate claim or as to fewer than all the parties, when it is necessary to avoid injustice. The rule is not intended to abandon the long-standing policy against piecemeal appeals.

"* * * * *

"The essential inquiry for the trial court under ORCP 67B. is whether, after balancing the competing interests, an early judgment would avoid injustice to the parties and advance the interests of sound judicial administration. We caution that a request for such a determination should be granted by the trial court only after careful consideration of the factors discussed below and not entered routinely or as a courtesy to counsel. Whether it will be granted depends upon the circumstances of each case." (Footnotes omitted.)[3]

In *May v. Josephine Memorial Hospital, supra,* we also noted that the federal caselaw did not set out a precise test in determining when "there is no just reason for delay" in the entry of the judgment under FRCP 54(b). We likewise declined to enunciate a precise test under ORCP 67B., but said that the following factors, when relevant, should be considered by the trial court:

"* * * any prejudice, hardship or injustice caused to a party by postponing the appeal until complete adjudication of the

---

[3] *Curtiss-Wright Corp. v. General Electric Co.,* 446 US 1, 5 100 S Ct 1460, 64 L Ed 2d 1 (1980), approves of a statement by the district court to the effect that a rule 54(b) certification should be reserved for the "infrequent harsh case."

other claims or interests of other parties; any prejudice caused to a party by postponing trial on the other claims or interests of other parties while the appeal is pending; the likelihood that an early appeal would avoid the need for further litigation or simplify the trial; the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review will be mooted by further proceedings in the trial court; the possibility that the reviewing court might be obliged to consider the same issue a second time when another appeal is brought as to the remaining claims or parties; the presence or absence of a claim or counterclaim which could result in a set-off against the judgment; any other relevant facts which would promote the policies of the rule." 297 Or at 532.

As previously set out in this opinion, defendant trial judge zeroed in on the second of the above factors, "any prejudice caused to a party by postponing trial on the other claims or interests of other parties while the appeal is pending." We conclude that the trial judge read this factor in *May v. Josephine Memorial Hospital, supra,* too literally. He said, "the *May* case strongly suggests that the trial of the rights, claims and defenses of other parties *must be* postponed while the appeal is pending * * *." (Emphasis added.) A trial judge *may* find it necessary to postpone the trial on the remaining claims against the remaining parties while the appeal is pending. That is one of the considerations the trial judge must weigh when faced with a request to enter a 67B. judgment. If the claim decided and the claim pending are interrelated, it may not be practical or possible to have one claim on appeal and the other in trial at the same time.

We find nothing in the caselaw under either ORCP 67B. or its antecedent, FRCP 54(b), that deprives the trial court of jurisdiction as to the remaining claims and remaining parties when the notice of appeal is filed. However, that does not solve this case. The question remains whether the term "the cause" in ORS 19.033(1) refers only to that portion of the case which has been appealed under the 67B. judgment or refers to the entire case. If the term refers only to the former, then the trial court has jurisdiction of the remaining claims and remaining parties. If it refers to the latter, then the trial court has no jurisdiction and is on vacation as to the entire case.

There is no relevant legislative history for ORS

19.033(1). The framework of the statute was enacted by the legislature in 1959 as chapter 558, section 6(1) of the Session Laws.[4] However, the phrase "jurisdiction of the cause" has been in our appeal statutes since 1864. General Laws of Oregon, ch 6, § 531, p 283 (Deady 1845-64).

"Cause" has been defined as a "suit, litigation, or action. Any question, civil or criminal, litigated or contested before a court of justice." Black's Law Dictionary 201 (5th ed 1979). "Action," "suit" and "cause" are convertible terms. *Tillamook Co. v. Wilson R. R. Co.*, 49 Or 309, 312, 89 P 958 (1907). "Cause" is a "suit or action in court." *Western Athletic Club v. Thompson,* 169 Or 514, 516, 129 P2d 828 (1942). In a legal sense, "case" means "cause." *Schmalz v. Arnwine,* 118 Or 300, 305, 246 P 718 (1926). "Cause" can mean "cause of action." *Whitney v. Blackburn,* 17 Or 564, 572, 21 P 874 (1889). In other states "cause" has been held to mean "matter" or "proceedings." *In Re Van Spanckeren,* 81 Ariz 54, 299 P2d 643 (1956). Under a Washington state statute "cause" has been interpreted to mean "modification proceedings."[5]

ORS Chapter 19 on the subject of appeals uses the words "action," "suit," "proceedings," "cause" and "case" in a variety of situations without any real clue as to why a particular word or combination of words was selected for a particular statute.

We hold that ORS 19.033(1) means that the appellate court has "jurisdiction" of the issue or matter on appeal, be it a case, action at law, suit in equity, cause of action, cause of suit, proceeding, or claim for relief.[6] The purpose of the statute

---

[4] Chapter 558, section 6(1) of the 1959 Session Laws stated:

"When the notice of appeal has been served and filed as provided in ORS 19.030 and sections 4 and 5 of this 1959 Act, the Supreme Court shall have jurisdiction of the cause, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law."

[5] In *State ex rel Shallenberger v. Superior Ct.,* 174 Wash 627, 25 P2d 1041 (1933), a Washington statute required that a petition to modify a divorce decree as to children be filed in the county where the children resided. The statute in effect further provided that "the court in which the petition to modify has been filed, shall have full and complete jurisdiction of the cause." 174 Wash at 632. The Washington Supreme Court asked the question "What cause?" It held that "cause" meant only the modification proceeding and not other matters in the divorce decree which had not been presented to the court where the children resided.

[6] The staff comment of the Council on Court Procedures to ORCP 18 states that under the Rules of Civil Procedure "claim for relief" has replaced "cause of action."

is to give the appellate court jurisdiction of the issue or subject matter of the appeal to the exclusion of the lower court except as provided in the statute. *Ellis v. Roberts,* 302 Or 6, 9, 725 P2d 886 (1986). It was not the intention to oust the trial court of jurisdiction of those parts of the litigation which are not directly involved in the appeal. "Cause" must have been chosen by the legislature because it has a broad meaning and may include a case or proceeding or any part thereof depending upon the circumstances from which an appealable judgment might be entered under ORS 19.010.

ORS 19.010 was amended in 1977 and again in 1981 to provide:

"(2)   For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(e)   A final judgment or decree entered in accordance with ORCP 67B."[7]

In *May v. Josephine Memorial Hospital, supra,* we held that the purpose of ORCP 67B. is to make an immediate appeal available on a distinctly separate claim or as to fewer than all the parties when necessary to avoid an injustice. 297 Or at 530. In this case, the 67B. judgment was entered dismissing plaintiff's third amended complaint as to defendant Borrelli Enterprises. Parts of plaintiff's second and third claims for relief and the entire fourth claim were against Borrelli Enterprises. The appeal from the 67B. judgment gave the Court of Appeals exclusive jurisdiction, except as provided by statute, of plaintiff's claims of relief or "cause" against that defendant. To "avoid injustice to the parties and advance the interests of sound judicial administration" there is no reason for the Court of Appeals to have jurisdiction of the balance of the claims of relief against the other defendants. The jurisdiction of the remaining claims against the remaining defendants is vested in the trial court.

The defendant trial judge cites *Gordon Creek Tree Farms v. Layne,* 230 Or 204, 208-09, 358 P2d 1062, 368 P2d 737 (1962), and *State v. Jackson,* 228 Or 371, 382-83, 365 P2d 294

---

[7] The reference to a final judgment under ORS 18.125 was added to ORS 19.010 in 1977 and then in 1981 ORCP 67B. was substituted for ORS 18.125.

(1961), for the proposition that the trial court loses all jurisdiction once the notice of appeal is filed. The defendant reads those cases too broadly. The correct rule is set out in *State v. Jackson, supra,* 228 Or at 382:

> "It is a well-settled rule that after jurisdiction has been vested in an appellate court by the taking of an appeal the lower court cannot proceed in any manner so as to affect the jurisdiction acquired by the appellate court or defeat the right of the appellants to prosecute the appeal with effect."

In this case, the Court of Appeals acquired jurisdiction only of plaintiff's "cause" against Borrelli Enterprises, and the trial court cannot proceed in any manner so as to affect that jurisdiction.

The trial court has jurisdiction of plaintiff's claim of relief as to Buzzard's Roost Tavern. The trial court has discretion to determine if that claim should be set for trial or if the trial should be postponed until the appeal as to Borrelli Enterprises is concluded. We grant the writ of mandamus requiring defendant trial judge to exercise that discretion. *State of Oregon ex rel Ricco v. Biggs,* 198 Or 413, 255 P2d 1055 (1953); *Riesland v. Bailey,* 146 Or 574, 31 P2d 183 (1934); *Trippeer v. Couch,* 110 Or 446, 229 P 1012 (1924).[8]

---

[8] The strangest thing about this proceeding is that the only case squarely on point that we have been able to find is a case that is currently on review in this court, *Nelson v. Lane County,* 79 Or App 753, 720 P2d 1291, *rev allowed* 301 Or 765, 726 P2d 377 (1986). It was argued on October 8, 1986, and is currently under advisement. The Court of Appeals stated:

> "The disposition of the jurisdictional issue raised by the county leads to another question that should be answered. ORS 19.033(1) provides, in relevant part:
>
> > " 'When the notice of appeal has been served and filed * * *, the Court of Appeals shall have jurisdiction *of the cause,* * * * but the trial court shall have such powers in connection with the appeal as are conferred upon it by law and shall retain jurisdiction for the taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute.' (Emphasis supplied.)
>
> "If the emphasized language refers to and encompasses the whole action, then the effect of the notice of appeal from the June judgment was to deprive the trial court of jurisdiction to enter the August judgment. The August judgment would be void, and we would be required to dismiss the appeal from that judgment. That would leave only the judgment for the county in issue before us.
>
> "Neither *Hale v. County of Multnomah,* [298 Or 141, 689 P2d 1290 (1984)], nor *May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984), the leading cases on the interpretation and application of ORCP 67B., resolves the

Peremptory writ of mandamus to issue.

question. In *May*, the court said:

> " 'In construing ORCP 67B., we note that federal caselaw has not developed a precise test for determining when there is no just reason to delay the entry of judgment * * *. [Citations omitted.] We, too, decline to enunciate a precise test, but the following factors, whenever relevant, should be considered: * * * any prejudice caused to a party by postponing trial on the other claims or interests of other parties while the appeal is pending * * *.' 297 Or at 531.

"On its face, that language suggests that the court recognized that an appeal from a '67B. judgment' prevents the trial court from continuing with any aspect of the case. However, in context, there is nothing in the language that compels us to apply it in its most literal way. Although there seems no reason to doubt that a trial court could, as a matter of discretion, refuse to continue with the trial of the residuum of a case in which there has been a judgment and an appeal under ORCP 67B., it seems contrary to the policy of the rule to *forbid* a trial court to proceed. Therefore, we read 'cause' in the statute to refer only to the matter encompassed by the judgment from which the appeal is taken, and we hold that the trial court had jurisdiction to enter the August judgment and that all parties and issues are properly before us." 79 Or App at 756. (Emphasis in original.)