No. 1144          December 31, 2025          237

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jan Dana BESSON,
Per A. Besson, Carol C. Jonasson,
Judith H. Lidstrom, and Ann Martin Hill,
*Plaintiffs-Respondents,*

*v.*

Anthony NEAl,
*Defendant-Appellant,*

*and*

HAZARDOUS PROPERTY MANAGEMENT, LLC,
a New Mexico limited liability company,
*Defendant.*

Clackamas County Circuit Court
19CV17248; A184778

Marilyn E. Litzenberger, Senior Judge.

Argued and submitted November 5, 2025.

Anthony Neal filed the briefs *pro se*.

Brooks F. Cooper argued the cause for respondents. Also on the brief was Matthew Whitman.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant Anthony Neal appeals from a general judgment that quieted title to certain real property in Clackamas County in plaintiffs' favor. In a single assignment of error, Neal argues that the trial court did not have jurisdiction to enter the general judgment. Specifically, Neal contends that the co-defendant's pending appeal from a limited judgment extinguished the trial court's jurisdiction to adjudicate matters "factually and legally intertwined" with that appeal, including quieting title between plaintiffs and Neal. For the reasons below, we readily affirm.

We briefly state the relevant facts. This case arises from a decades-long ownership dispute between plaintiffs and Neal's family. In 2018, Neal conveyed any interest he possessed in the disputed property to Hazardous Property Management, LLC (Hazardous), by deed (2018 deed). In April 2019, plaintiffs filed a quiet title action against Neal and Hazardous, raising two claims. The first sought to quiet title of the disputed property in favor of plaintiffs, and the second sought to remove a cloud from title by declaring the 2018 deed invalid. Neal counterclaimed, seeking adverse possession of the property and a prescriptive easement.

In July 2019, Hazardous reconveyed any interest it had in the disputed property back to Neal via deed (2019 deed). In his deposition, Neal explained that the reconveyance occurred because "it would make more sense" for him to "represent the reason why [he] own[s] the property in the lawsuit rather than [Hazardous] being the intermediary in why [he] would own the property."

In June 2023, plaintiffs separately moved for partial summary judgment against Hazardous on their first claim of relief. Plaintiffs argued that, in light of the 2019 deed, they were entitled to a limited judgment on their quiet title claim against Hazardous. In September 2023, the trial court granted summary judgment in favor of plaintiffs and signed a limited judgment that declared that Hazardous "has no right, no title, nor any other interest" in the disputed property.[1]

---

[1] Although the trial court did not address plaintiffs' second claim regarding the 2018 deed's validity, it appears that claim may have become moot once

With title quieted against Hazardous, plaintiffs then moved for partial summary judgment against Neal on their first claim of relief and Neal's counterclaims. While that motion was pending, Hazardous filed a notice of appeal from the limited judgment.[2] Soon after, the trial court held a hearing on plaintiffs' summary judgment motion, at which Neal failed to appear.

In May 2024, the trial court entered a general judgment that granted summary judgment in plaintiffs' favor. The general judgment declared that plaintiffs are the sole owners of, and that "[d]efendant Anthony Neal holds no title, right or interest" in, the disputed property. This appeal followed.

"An issue of jurisdiction is a legal question, and we review the trial court's decision to continue to exercise jurisdiction for legal error." *Stachlowski v. 1000 Broadway Building LP*, 305 Or App 174, 185, 470 P3d 376 (2020).

We first briefly address plaintiffs' preservation argument. Plaintiffs contend that Neal failed to preserve his argument because he neither attended the summary judgment hearing nor previously claimed a jurisdictional defect. However, a notice of appeal's jurisdiction-stripping effect on the remaining claims and parties is a jurisdictional issue, and subject matter jurisdiction may be raised at any time. *Multnomah County Sheriff's Office v. Edwards*, 361 Or 761, 777, 399 P3d 969 (2017); *see Stachlowski*, 305 Or App at 185 (treating the impact of one defendant's limited interlocutory appeal on a trial court's ability to enter summary judgment against another defendant as a jurisdictional issue).[3]

---

Hazardous relinquished any interest it had in the disputed property via the 2019 deed.

[2] Although it does not bear on our analysis, we note that this court affirmed the limited judgment without opinion in September 2025. *Besson v. Neal*, 343 Or App 653, 577 P3d 364 (2025).

[3] Although jurisdiction can technically be raised at any time, doing so for the first time on appeal is an inefficient use of limited court resources, especially when the purported jurisdictional issue was apparent during the trial court proceedings and the party raising the issue failed to appear for a critical summary judgment hearing in the trial court. All legitimate interests are better served when parties who wish to raise jurisdictional issues do so at the earliest possible opportunity.

We next turn to the merits of Neal's argument. When a party files a notice of appeal from a limited judgment, an appellate court assumes jurisdiction over the "cause." ORS 19.270(1). Thereafter, "the lower court cannot proceed in any manner so as to affect the jurisdiction acquired by the appellate court or defeat the right of the appellants to prosecute the appeal with effect." *State v. Jackson*, 228 Or 371, 382, 365 P2d 294 (1961). The "cause" may include "any part" of a proceeding addressed by a limited judgment. *State ex rel Gattman v. Abraham*, 302 Or 301, 311, 729 P2d 560 (1986). Importantly, "the 'cause' is not always the entire case." *State v. Branstetter*, 332 Or 389, 403, 29 P3d 1121 (2001).

In fact, ORS 19.270(7) makes clear that "[i]f a limited or supplemental judgment is appealed, the jurisdiction of the appellate court is limited to the matters decided by the limited or supplemental judgment, and the trial court retains jurisdiction over all other matters in the proceeding." *See also Gattman*, 302 Or at 310-11 (explaining that the appellate court assumes exclusive jurisdiction only of the appeal's "issue or subject matter"). Accordingly, the filing of a notice of appeal from a limited judgment does not "divest[] the trial court of jurisdiction to try the remaining claims against other parties not affected by the [limited] judgment."[4] *Id.* at 303.

Therefore, to resolve whether the trial court retained jurisdiction to quiet title against Neal after Hazardous filed its notice of appeal, we must consider whether the appeal related to a "distinct set of issues involving a different defendant" such that it "effectively split the case into two separate and parallel parts." *Id.* at 188. Because it is the filing of the notice of appeal itself, as opposed to the appeal's assignments of error and arguments, that affects a trial court's jurisdiction, we do not look beyond the face of the judgment itself to answer the jurisdictional question. ORS 19.270(1);

---

[4] We note that where a trial court retains jurisdiction over a remaining claim and defendant, it possesses *discretion* "either to set the case for trial or to postpone the trial until the appeal is determined." *Gattman*, 302 Or at 303. Because Neal argues only that the trial court lost jurisdiction upon Hazardous's appeal, we do not address whether the trial court abused its discretion in granting summary judgment against Neal. *See Stachlowski*, 305 Or App at 188-89 (declining to address whether the trial court abused its discretion to enter summary judgment where the defendant did not raise that argument on appeal).

*see also Interstate Roofing, Inc. v. Springville Corp.*, 347 Or 144, 163-64, 218 P3d 113 (2009) (explaining that, "[i]n determining whether the trial court made a concluding decision on one or more claims in an action, an appellate court is limited to the terms of the limited judgment document itself").

Here, the limited judgment quieted title in favor of plaintiffs as against Hazardous. Nothing in the limited judgment indicated that the trial court's decision affected plaintiffs' claims against Neal or his counterclaims against plaintiffs in any way. Thus, the subject matter of the appeal related only to whether plaintiffs had a superior title over the disputed property *vis-à-vis* Hazardous and had nothing to do with whether plaintiffs had a superior title *vis-à-vis* Neal. Hazardous's filing of the notice of appeal thus "effectively split the case into two separate and parallel parts." *Stachlowski*, 305 Or App at 188. As a result, the trial court retained jurisdiction over plaintiffs' quiet title claim against Neal and over Neal's counterclaims, because they were left unresolved by the limited judgment and involved a "distinct set of issues involving a different defendant." *Id*. We therefore conclude that the trial court had jurisdiction to enter the general judgment, which quieted title in favor of plaintiffs and against Neal.[5]

Affirmed.

---

[5] We also reject Neal's contention that the trial court incorrectly applied the summary judgment standard by not "acknowledging" the existence of Hazardous's pending appeal or "constru[ing]" the jurisdictional issue in his favor. The summary judgment standard is concerned with construing factual issues in the non-movant's favor. *See* ORCP 47 C ("No genuine issue as to a material fact exists if, based on the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."). But whether a notice of appeal divests a trial court of jurisdiction implicates a question of law, not a question of fact, and has no bearing on the question as to whether plaintiffs were entitled to summary judgment on their quiet title claim against Neal.