In the Matter of the Marriage of

Stefani A. JUSTICE,
*Petitioner-Appellant,*

*and*

Neal A. CRUM,
*Respondent-Respondent.*

Lane County Circuit Court
151121695; A152050

337 P3d 840

Lorena Reynolds and the Reynolds Law Firm, P.C., filed the briefs for appellant.

Neal A. Crum filed the brief *pro se.*

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

**SCHUMAN, S. J.**

In this domestic relations appeal, wife raises five assignments of error relating to the conduct of the trial and elements of the judgment. In particular, she argues that: (1) the trial was fundamentally unfair because the court unreasonably truncated the proceedings; (2) the court did not correctly calculate the amount of child support that husband owed; (3) the court failed to award transitional spousal support and awarded insufficient maintenance support; (4) although the court orally ordered husband not to possess firearms that the court awarded to him in the division of personal property, the court subsequently erred in not including that condition in the written judgment; and (5) the court erred in distributing the parties' personal assets and debts before their value could be established. We reverse and remand with respect to transitional support and dispossession of firearms, and otherwise affirm.

After approximately seven and one-half years of marriage, the parties' dissolution came before the trial court in Lane County in April 2012. The issues to be tried were parenting time, child support, spousal support, and the distribution of assets and debts; husband had already stipulated that wife would have custody of the couple's two children. Although the trial was originally scheduled for a full day, for reasons not disclosed in the record, proceedings did not begin until nearly 2:00 p.m. At that time, the court told the parties that they had to complete presentation of their evidence and arguments by 4:30 p.m. and that the court would rule immediately thereafter. The parties and the court dealt with the parenting time issue—which wife does not appeal—until 3:40 p.m. Approximately 50 minutes of that time occurred off the record in chambers as the parties attempted to negotiate a settlement—an attempt that appeared to be successful until wife changed her mind and rejected it after returning to open court. Beginning at 3:40 p.m. and lasting until around 4:30 p.m., the parties put on evidence relevant to support and property division. After abbreviated closing arguments, the court then ruled. As relevant to this appeal, the court declined to award transitional support and ordered husband to pay maintenance support of $300 per month for 18 months and child support of $1,056

per month. The court also divided the parties' assets and debts. Regarding husband's retirement account, the court ordered that the parties evenly distribute its then-current payments of $352.62 per month and obtain a Qualified Domestic Relations Order (QDRO).

After trial, but before entry of judgment, wife filed a motion for a new trial, to reopen her case in chief, and for reconsideration. She argued that, due to the court's insistence on a truncated trial, she was unable to present as complete a case as she wanted, including testimony from two witnesses, one of whom would have testified as to wife's plans to return to school and one of whom could have provided relevant information regarding some trust accounts in husband's name. The court denied wife's motion. Judgment reflecting the terms of the court's oral ruling was subsequently entered, and this appeal ensued.

We begin with wife's contention that the court abused its discretion by enforcing a 4:30 p.m. deadline for the presentation of testimony and argument. Her assignment of error regarding this contention does not cite a ruling but, because she cites ORCP 64 B(1), we presume that the precise ruling that wife is challenging is the court's denial of her motion for a new trial.[1] In particular, we presume that her challenge focuses on the provision in ORCP 64 that allows a new trial where there has been "[i]rregularity in the proceedings of the court * * * or any order of the court, or abuse of discretion, by which [the moving party] was prevented from having fair trial." ORCP 64 B(1).[2] To the extent that wife's argument is based on a statute, it is

---

[1] We once again remind appellants that ORAP 5.45(3) requires that "[e]ach assignment of error shall identify precisely the legal, procedural, factual, or other *ruling* that is being challenged." (Emphasis added.) A brief that challenges only specific factual findings or legal conclusions does not meet that requirement. *Rutter v. Neuman*, 188 Or App 128, 132, 71 P3d 76 (2003). Such failures "leav[e] us to attempt to divine * * * what the [appellant] most likely is getting at." *Association of Unit Owners v. Dunning*, 187 Or App 595, 605, 69 P3d 788 (2003).

[2] ORCP 64 B applies to cases tried to a jury. This is not such a case. ORCP 64 C applies to cases tried to the court, but it incorporates by reference the standards set out in ORCP 64 B:

"In an action tried without a jury, a former judgment may be set aside and a new trial granted on motion of the party aggrieved on any grounds set forth in section B of this rule where applicable. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and

ORS 40.370(1): "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth \*\*\*." The problem with wife's argument is that she did not make it during the trial itself—at least not on the record. Whether a party must preserve, during trial, the claim of error that the party raises in a motion for a new trial depends on which provision of ORCP 64 the party is relying on. *Mitchell v. Mt. Hood Meadows Oreg.*, 195 Or App 431, 466, 99 P3d 748 (2004) (Wollheim, J., dissenting). Thus, for example, there logically could be no requirement to raise, during trial, a claim based on ORCP 64 B(4), discovery of evidence that could not have been discovered with due diligence before trial. *Id.* On the other hand,"[w]hen a party having knowledge of an error or an irregularity during trial fails to call it to the court's attention and remains silent, speculating on the result, he is deemed to have waived the error, and the denial of a motion for a new trial based upon that ground presents no reviewable question." *Turman v. Central Billing Bureau*, 279 Or 443, 450, 568 P2d 1382 (1977). The fact that wife in this case was aware of the alleged irregularity during trial and did not voice an objection creates at least the presumption that she might have intended to use that issue to seek a new trial. As the party moving for a new trial, wife had, at least, some obligation to rebut that presumption, or, at least, to offer some affirmative reason why she did not object to the time limit. She did not do so in her motion for a new trial or in her appellate brief.

Further, even if her argument were reviewable, we would reject it on the ground that, although she argued in her motion for a new trial that she was precluded from offering the testimony of two witnesses, and she stated the general subject matter that they would have addressed, she did not provide anything close to an offer of proof. Put another way: Without knowing what the witnesses would have said, we have no way to determine whether their testimony would have been material and admissible. *See Howell-Hooyman and Hooyman*, 113 Or App 548, 551, 833 P2d 328

---

conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

(1992) (implying that a court does not abuse its discretion in requiring a truncated domestic relations hearing if the time limit precluded only irrelevant or redundant evidence). In sum, we reject wife's first assignment of error.

In her second assignment of error, wife maintains that the court inaccurately calculated husband's income, resulting in an inaccurate calculation of his child support obligation. Because this claim of error was not asserted in wife's post-trial motion, we presume that the ruling to which it refers is the court's ultimate judgment awarding her child support of $1,056 per month. Wife claims that she preserved this claim at trial because—and this is wife's entire "Preservation of Error" statement—"Wife requested child support in closing argument during the trial." That is far from adequate preservation. "[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Wife contends, however, that the trial court's error is apparent on the record. ORAP 5.45(1). We disagree. One of the requirements for plain error review is that the asserted error is "obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Child support is determined based on income. Because husband's income was a combination of hourly wages for eight months and weekly unemployment benefits for four months, the court had to use the formula in OAR 137-050-0715(3): "To determine average monthly income when wages are paid weekly, multiply the weekly earnings by 52 and divide by 12." The calculation that wife uses to determine what she asserts is the correct monthly income presumes that husband worked 40 hours per week. However, OAR 137-050-715(10) provides that a 40-hour week is not presumed in "those industries, trades or professions in which most employers, due to custom, practice or agreement, utilize a normal work week of more or less than 40 hours in a week." Husband, when employed, worked as a plumber and pipe fitter, and he testified that, in that profession, most employees work fewer than 40 hours per week. Because the record does not disclose whether husband's

testimony is correct or how the court arrived at the allegedly erroneous figure, the error, if any, is not obvious, and would require us to choose between competing inferences to find it. We therefore cannot review wife's second assignment of error.

Wife's third assignment of error challenges the trial court's spousal support conclusions. She argues that the court erred in denying her any transitional support and in ordering insufficient maintenance support. We reject the latter contention without further discussion. Her argument relating to transitional support, however, has merit. Transitional spousal support provides support "as needed for a party to attain education and training necessary to allow the party to prepare for reentry into the job market or for advancement therein." ORS 107.105(1)(d)(A). It is "typically awarded in situations where one spouse has been out of the workforce for an extended period of time and needs training or on-the-job education, or would have difficulties reengaging employment." *English and English*, 223 Or App 196, 209, 194 P3d 887 (2008). In deciding whether to award transitional support and, if so, how much, the court may consider the following nonexclusive factors:

"(i)    The duration of the marriage;

"(ii)   A party's training and employment skills;

"(iii)  A party's work experience;

"(iv)   The financial needs and resources of each party;

"(v)    The tax consequences to each party;

"(vi)   A party's custodial and child support responsibilities; and

"(vii)  Any other factors the court deems just and equitable."

ORS 107.105(1)(d)(A). Wife argued that she should receive transitional support because she had been absent from the workforce and needed additional education to reenter it. She

adduced a number of undisputed facts that are relevant to the determination, for example, that she had had only part-time and unsuccessful employment during the seven-year marriage, that she had only a high school education, and that she planned to pursue additional education. In denying her request for transitional support, the trial court did not address any of the statutory factors; rather, it stated simply (and only), "Transitional support is not appropriate. Transitional support under the law requires a specific plan presented in court for me to consider whether transitional support can be ordered." The court cited no authority for the proposition that wife had to present a "specific plan" as a pre-requisite to an award of transitional support, and we have found none. Nor did the court address any of the statutory factors. It appears, therefore, that the court's denial of transitional support was based on an error of law, so we must remand for further consideration of that issue. The court's conclusion denying transitional support may, on reconsideration, be correct, but only if there are reasons beyond wife's lack of a specific plan.

Wife's next assignment of error claims that the written judgment fails to conform to the oral judgment in an important particular. At trial, the court ordered that, although husband was entitled to ownership of his firearms, he was prohibited from keeping them in his possession due to the fact that he had been previously convicted of a felony as the result of domestic abuse. The written judgment does not include that proviso. Although husband's status as a felon subject to prosecution for possessing firearms provides by itself a powerful disincentive to keeping the firearms, the judgment should also reflect that such possession would amount to a contempt of court. On remand, the new judgment should so specify.

Finally, wife argues that the court erred by ordering a distribution of assets that is not "just and proper." ORS 107.105(1)(f)(F). The only preserved objection to the distribution occurs in wife's post-trial motion for a new trial, where she contends that she was unable to fully develop her evidence of the value of husband's retirement account. However, if the court erred in dividing that asset, the error

was invited. At trial, wife's counsel noted that he did not have sufficient information regarding the account, and made the following suggestion:

"Your Honor, I have no idea what's there because despite multiple requests for discovery I was never given a single piece of discovery regarding a retirement account. I would request that the court either retain jurisdiction because I have no idea what we are dealing with; or, that we simply say it be divided equally—that's certainly equable—leave to the QDRO Administrator—the QDRO attorney and the plan administrator to sort out what that dollar figure would be."

The court appears to have followed this suggestion:

"Whatever account is there, then I guess would be husband's because there is nothing to divide. If there is any value—and that means any value—and I don't care if it's .0001 cent, like the value of a coupon in the newspaper, you're going to divide it equally. * * * Then the parties can pay for a QDRO and split the costs equally."

Reversed and remanded for reconsideration of transitional support and for correction of the judgment to reflect requirement that husband may not possess the firearms awarded to him in the property division; otherwise affirmed.