Submitted April 25, 2019; remanded for resentencing, otherwise affirmed
January 29, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL ANDREW KIRKPATRICK,
*Defendant-Appellant.*

### Yamhill County Circuit Court
16CR17334; A165450

460 P3d 114

Defendant appeals a judgment of conviction for two counts of encouraging child sexual abuse in the first degree, ORS 163.684. Defendant argues that the trial court erroneously concluded that he was subject to a presumptive sentence under ORS 137.719 because his prior conviction for violating 18 USC section 2252(a)(1) was "comparable" under ORS 137.719(3)(b)(B) to a conviction under ORS 163.686. The state concedes the error. *Held*: Under *State v. Carlton*, 361 Or 29, 388 P3d 1093 (2017), a conviction for violating 18 USC section 2252(a)(1) is not comparable to a conviction under ORS 163.686. Accordingly, the trial court erred by finding that defendant was subject to a presumptive sentence under ORS 137.719.

Remanded for resentencing; otherwise affirmed.

Cynthia L. Easterday, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

DeVORE, J.

Remanded for resentencing; otherwise affirmed.

**DeVORE, J.**

Defendant appeals from a judgment of conviction for encouraging child sexual abuse in the first degree. He assigns error to the trial court's determination at sentencing that he was subject to ORS 137.719, which provides a presumptive sentence for repeat sex offenders. Defendant disputes that one of two prior offenses qualifies as a "comparable offense" under Oregon law. In particular, he argues that the trial court erred in determining that his prior conviction under 18 USC section 2252(a)(1) is "comparable" to a felony sex crime conviction under ORS 137.719(3)(b)(B). The state concedes that that argument is correct, and we agree. Based on the conceded issue, we remand for resentencing and otherwise affirm.

We recount the facts in relation to the sentencing issue presented. Defendant pleaded guilty to two of ten counts of encouraging child sex abuse in the first degree. ORS 163.684. In September 2014, defendant knowingly duplicated visual recordings of sexually explicit conduct involving a child. That offense is deemed a "sex crime" under ORS 163A.005(5)(g). Conviction of a felony sex crime raises the prospect of a presumptive sentence if a defendant has been sentenced for two prior felony sex crimes. Under ORS 137.719:

> "(1)  The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence.

> "(2)  The court may impose a sentence other than the presumptive sentence provided by subsection (1) of this section if the court imposes a departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons.

> "(3)  For purposes of this section:

> "(a)  Sentences for two or more convictions that are imposed in the same sentencing proceeding are considered to be one sentence; and

> "(b)  A prior sentence includes:

"*****

"(B)   Sentences imposed by any other state or federal court for comparable offenses."

During sentencing, the state argued that defendant was subject to the statute's presumptive life sentence as the result of separate state and federal convictions in 1998 involving a Wyoming offense and a federal offense.

In 1998, defendant, then 34 years old, befriended a 14-year-old girl through an internet chat room. Defendant flew to Wyoming, took the girl to a motel, and had sexual contact and intercourse. Defendant was arrested, and child pornography was found on his laptop computer. In December 1998, defendant was convicted of three offenses under Wyoming law, and, in June 1999, he was convicted of three offenses under federal law. He served his state and federal sentences concurrently at the Wyoming State Prison.

In the current case, the state relied on two of defendant's prior offenses as predicate sex crimes under ORS 137.719: (1) sexual assault in the third degree under Wyo. Stat. Ann. § 6-2-304 (sexual contact in the motel room); and (2) transporting child pornography in interstate commerce under 18 USC section 2252(a)(1) (bringing his laptop from Oregon to Wyoming). The trial court determined that those two offenses were comparable to Oregon sex crimes and, consequently, concluded that defendant was subject to ORS 137.719. Rather than impose the presumptive life sentence, however, the trial court downwardly departed so as to impose a 60-month sentence for each of the two recent offenses. The sentences are to be served consecutively. The court downwardly departed because defendant had been conviction-free since 1998 and because his two prior convictions were for conduct discovered at the same time.

On appeal, defendant argues that the trial court erred in concluding that a conviction under 18 USC section 2252(a)(1) is comparable to ORS 163.686, an Oregon felony sex offense. Defendant concedes that the Wyoming offense is comparable to an Oregon felony sex crime (*i.e.*, third-degree rape, ORS 163.355), but he argues that, because the federal offense is not a "comparable offense," defendant lacks

*two* predicate sex crimes, such that ORS 137.719 should be determined to be inapplicable[1].

We review a trial court's conclusion that defendant's prior offenses are "comparable" to a qualifying Oregon sex offense for errors of law. *State v. Carlton*, 361 Or 29, 35, 388 P3d 1093 (2017). Likewise, we review for errors of law any questions of statutory interpretation. *Mayfly Group, Inc. v. Ruiz*, 241 Or App 77, 81, 250 P3d 360, *rev den*, 350 Or 530, (2011).

The state concedes that the federal offense is not comparable to the Oregon felony sex crime asserted below because ORS 163.686 requires proof of an element that 18 USC section 2252(a)(1) does not. We agree and accept the state's concession. In relevant part, 18 USC section 2252 (a)(1) provides a criminal penalty for:

"(a)   Any person who—

"(1)   knowingly transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—

"(A)   the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

"(B)   such visual depiction is of such conduct[.]"

In relevant part, ORS 163.686 provides:

"(1)   A person commits the crime of encouraging child sexual abuse in the second degree if the person:

"(a)(A)(i)   Knowingly possesses or controls, or knowingly accesses with the intent to view, a visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; [and]

---

[1] Defendant argues that, even if the federal offense is comparable, ORS 137.719 should not be construed to treat two convictions from separate courts as two predicate crimes when they allegedly arise out of the same criminal episode and result in one so-called "unitary sentence." By "unitary sentence," we assume defendant refers to the sentences for separate state and federal convictions being served concurrently. In light of our conclusion that the federal offense is not comparable, we do not reach defendant's alternative argument.

"* * * * *

"(B)   Knows or is aware of and consciously disregards
the fact that creation of the visual recording of sexually
explicit conduct involved child abuse."

Unlike the federal offense, ORS 163.686 requires proof
that a person possesses with intent to view for the purpose
of arousing or satisfying the sexual desires of the person
or another person. The lack of that element in the federal
offense and presence of that element in the Oregon offense
requires our agreement that the federal offense is not a
"comparable offense" for purposes of ORS 137.719.

In *Carlton*, the Supreme Court reviewed the stan-
dard with which to determine whether other convictions
were "comparable offenses" under ORS 137.719(3)(b)(B).
361 Or 29. The court interpreted the phrase "comparable
offenses" narrowly. *Id.* at 42. The court explained that an
offense in another jurisdiction is only considered compara-
ble to an Oregon felony sex crime if the two have "elements
that are the same * * * or nearly the same." *Id.* at 43. It is not
enough that offenses "merely share a core similarity." *Id.* The
court held that a California statute proscribing sexual con-
tact with a minor was not comparable to an Oregon statute
because the Oregon statute was narrower, requiring proof
of an additional element. *Id.* at 44-45. The court determined
that Cal. Penal Code § 288(a) and ORS 163.427(1)(a)(A)
both proscribed touching a child with a sexual intent, but
only the Oregon statute required touching a sexual or other
intimate part of a person. *Id.* Because the Oregon offense
was narrower, due to an added element, the offenses were
not comparable. *Id.* at 45.

The *Carlton* standard requires the same result here.
The added element of ORS 163.686 prevents recognition of
18 USC section 2252(a)(1) as a comparable offense. On the
record presented, ORS 137.719(3)(b)(B) was inapplicable.
Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.