Argued and submitted November 4, affirmed December 1, 2021

Junki YOSHIDA,
an individual,
*Plaintiff-Appellant,*

*v.*

Samuel WATSON,
an individual;
Greensky Collective, LLC,
an Oregon limited liability company;
Luna Verde, LLC,
an Oregon limited liability company; and
Jeffrey's Flower & Oil, LLC,
an Oregon limited liability company,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV09136; A173162

500 P3d 772

Kathleen M. Dailey, Judge.

Keith A. Pitt argued the cause for appellant. Also on the brief was Slinde Nelson.

No appearance for respondents.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff appeals a trial court order that denied defendants' motion under ORS 18.235 to enter satisfaction of judgment. Despite having prevailed below, plaintiff takes issue with some of the trial court's stated reasoning for denying the motion to enter satisfaction of judgment. We affirm. Plaintiff does not assert that the trial court erred in denying defendant's motion, which is the sole ruling that the court made in the order on review, apart from its directive to defendants "to use their best efforts" to transfer ownership of certain collateral to plaintiff. As for the court's reasoning, as a general matter, our review is of rulings, not reasoning. *Simonsen v. Ford Motor Co.*, 196 Or App 460, 465 n 7, 102 P3d 710 (2004), *rev den*, 338 Or 681 (2005). If a ruling was not impaired by any erroneous reasoning, then the fact that the reasoning may or may not have been erroneous in some way does not provide a basis for reversing a trial court's decision. Contrary to plaintiff's characterization of the trial court's ruling on appeal, we do not view the trial court as having, in effect, declared the parties' rights and obligations under the stipulated judgment. We understand the court to have determined simply that defendants were not entitled to have a satisfaction of judgment entered with respect to the stipulated judgment, a ruling that has not been challenged in this appeal.

Affirmed.