Submitted October 28, affirmed December 1, 2021, petition for review denied May 19, 2022 (369 Or 733)

JAVIER IVAN SANCHEZ-PEREZ,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
16CV04162; A173153

500 P3d 772

Dale W. Penn, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner seeks post-conviction relief from several convictions relating to the murder of a member of a rival gang. Petitioner argues that, because he and another man were involved in the shooting, the jury was required to agree on a theory of liability: whether petitioner was the principal or an accomplice to the crime. Because trial counsel did not request a jury concurrence instruction or that the state elect a theory of liability, petitioner alleges counsel was constitutionally inadequate and ineffective. We conclude that the post-conviction court correctly rejected this claim because, assuming trial counsel was deficient, petitioner was not prejudiced. *See State v. Munoz*, 270 Or App 490, 500, 348 P3d 296, *rev den*, 357 Or 596 (2015) (concluding that failure to give a concurrence instruction was harmless when the competing factual scenarios both necessarily supported principal liability).

Petitioner next contends that trial counsel was ineffective for failing to object as hearsay to two statements relating to the eyewitness's knowledge of the identity of the shooter. However, those two statements were not offered for their truth; one was offered to explain why one of the witnesses did not come forward, and the other was offered to refute an assertion about how one of the witnesses learned the shooter's identity. Thus, they were not hearsay. *See* OEC 801(3) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). Therefore, the post-conviction court correctly concluded that trial counsel was not ineffective for failing to object on that basis.

Affirmed.