Argued and submitted March 24, affirmed August 16, petition for review denied December 21, 2023  (371 Or 771)

Junki YOSHIDA,
an individual,
*Plaintiff-Appellant,*

*v.*

Samuel WATSON,
an individual;
Greensky Collective, LLC,
an Oregon limited liability company;
Luna Verde, LLC,
an Oregon limited liability company;
and Jeffrey's Flower & Oil, LLC,
an Oregon limited liability company,
*Defendants-Respondents.*

Multnomah County Circuit Court
18CV09136; A175509

536 P3d 6

Plaintiff appeals from the trial court's post-judgment order denying his motion for entry of partial satisfaction of judgment, granting defendants' motion for entry of satisfaction, declaring a deficiency, and awarding attorney fees to defendants. He raises three assignments of error: (1) that defendants' motion was facially deficient under ORS 18.235 and that the trial court erred in awarding attorney fees, (2) that the trial court lacked jurisdiction to adjudicate the motion, and (3) that the trial court erred in its "continued misinterpretation" of the parties' stipulated judgment. *Held*: Plaintiff's third assignment failed to comply with ORAP 5.45(3) because it did not precisely identify the ruling being challenged, therefore it was unreviewable. Plaintiff's second assignment of error failed because the trial court had retained jurisdiction over this matter under ORS 19.270(1)(b) to enforce its judgment. Finally, defendants' motion was not facially deficient, and the trial court did not err by awarding attorney fees under ORS 18.235 because it drew a reasonable inference that plaintiff willfully withheld the satisfaction document.

Affirmed.

Kathleen M. Dailey, Judge.

Keith A. Pitt argued the cause for appellant. Also on the briefs was Slinde Nelson.

Gabriel Aaron Watson argued the cause for respondents. Also on the brief was McKean Smith.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Plaintiff appeals from the trial court's post-judgment order that denies plaintiff's motion for entry of partial satisfaction of judgment, grants defendants' motion for entry of satisfaction, declares a deficiency, and awards attorney fees to defendants. The underlying judgment had been entered by stipulation of the parties after settlement of a contentious dispute about a loan between former in-laws. The loan, which was secured by business-related collateral, was made to help fund a marijuana business. Among other things, the stipulated judgment awarded $164,329.10 to plaintiff and ordered "that execution issue for these amounts."

Plaintiff raises three assignments of error. In his first assignment of error, plaintiff argues that defendant's motion was facially deficient under ORS 18.235 and that the trial court erred in awarding fees under ORS 18.235. In his second assignment, plaintiff asserts that the trial court did not retain jurisdiction to adjudicate the motion, given a pending appeal on a separate ruling. Finally, plaintiff asserts that the trial court erred in its "continued misinterpretation" of the stipulated judgment.

We reject the third assignment because it does not comply with ORAP 5.45(3), which requires that "[e]ach assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged." "A failure to comply with ORAP 5.45 generally renders the claim of error unreviewable on appeal." *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 360, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322 (2016). An assignment must do more than challenge a factual finding or legal conclusion of the court, otherwise we are left to "divine * * * what the [appellant] most likely is getting at." *Justice and Crum*, 265 Or App 635, 638 n 1, 337 P3d 840 (2014) (quoting *Association of Unit Owners v. Dunning*, 187 Or App 595, 605, 69 P3d 788 (2003)). Assigning error to the "continued misinterpretation" of the stipulated judgment lacks the precision needed for review and, therefore, we will not review that assignment.

For the reasons that follow, we reject the first two assignments as well. We affirm.

We reject plaintiff's request for *de novo* review without discussion. To the extent that plaintiff argues that the trial court erred in its interpretation of ORS 18.235, we review for legal error. *See State v. Kirkpatrick*, 302 Or App 62, 65, 460 P3d 114 (2020). As to the award of attorney fees under ORS 20.075(3),[1] we review for abuse of discretion.

The pertinent facts begin with the court's entry of a Stipulated Judgment awarding plaintiff $164,329.10 and ordering that a Writ of Execution "shall be granted in favor of the [p]laintiff," and allowing "the sheriff of Multnomah County and/or a representative of the Oregon Liquor Control Commission, within ten (10) days from the date of this [j]udgment" to take possession of "the collateral" securing the loan. The judgment also provided that:

"\*\*\* pursuant to the Writ of Execution the sheriff of Multnomah County and/or a representative of the Oregon Liquor Control Commission shall sell all of the Collateral in order to satisfy the entire debt.

"\*\*\* [d]efendants are hereby foreclosed of any right, title and interest in said Collateral."

Plaintiff did not pursue a writ of execution within the 10 days contemplated by the judgment and the sale authorized by the judgment likewise did not occur.

Several months after entry of the stipulated judgment, defendants filed a Motion to Enter Satisfaction of Judgment under ORS 18.235, alleging that plaintiff wrongfully and willfully declined to provide one. ORS 18.235 provides, as relevant:

"(1)   A judgment debtor, or a person with an interest in real property against which a judgment lien exists, may move the court for an order declaring that a money award has been satisfied or for a determination of the amount necessary to satisfy the money award, when the person making the motion cannot otherwise obtain a satisfaction document from a judgment creditor.

---

[1] ORS 20.075(3): "In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion."

"(2)  Motions under this section shall be filed in the action in which the judgment was entered. All proceedings on the motion shall be conducted as part of the action in which the judgment was entered. An appearance fee may not be charged for filing a motion under this section.

"(3)  A motion under this section must include the following information, to the extent known to the person making the motion:

"(a)  The date of entry and principal amount of the money award.

"(b)  The rate of interest and the date the interest commenced to accrue.

"(c)  The date or dates and amounts of any payments on the money award.

"(d)  Any amount that the person believes remains to be paid on the money award, including any supporting mathematical calculations.

"(e)  Any other information necessary or helpful to the court in making its determination.

"* * * * *

"(7)  If the court determines that the person making the motion is entitled to relief, the court shall issue an order providing that the money award has been satisfied in full or, if the money award has not been satisfied in full, the specific amount that will satisfy the judgment on a specific date or within a period of time specified in the order.

"(8)  If the court finds that the judgment creditor willfully failed to provide a satisfaction document under ORS 18.225, the court may render a supplemental judgment awarding reasonable attorney fees to the person making the motion. The supplemental judgment may provide that the person making the motion may satisfy the judgment by paying such amounts the court determines to be necessary to satisfy the judgment less that sum of money the court awards as attorney fees."

The trial court denied the motion as "premature" and ordered defendants to "use their best efforts to have [p]laintiff's right of ownership of the [collateral] manifested legally." The court found that although defendants had been foreclosed

from ownership by the judgment, it was unclear whether "[p]laintiff's failure to exercise his right to have the sheriff's sale should result in [d]efendants' right to an entry of Satisfaction of Judgment." Plaintiff appealed the denial of that motion even though he prevailed on it, and we affirmed because plaintiff did not challenge the trial court's determination "that defendants were not entitled to have a satisfaction of judgment entered with respect to the stipulated judgment." *Yoshida v. Watson*, 316 Or App 104, 105, 500 P3d 772 (2021).

While that appeal was still pending, defendants filed a "Supplemental Motion" for entry of satisfaction of judgment. In that motion, defendants argued that plaintiff had the limited right, under the judgment, to seize the collateral within 10 days after entering the judgment. They conceded that if plaintiff could identify collateral that existed within 10 days of the judgment, he was entitled to that collateral, but argued that if plaintiff was unable to identify collateral to which he was entitled, satisfaction should be entered. Plaintiff opposed defendants' supplemental motion and filed his own motion for entry of partial satisfaction and requesting a declaration of deficiency. Plaintiff argued that defendants' improper removal and transfer of the collateral that secured the loan resulted in the judgment remaining unsatisfied, except for $22,376 from collateral he had already received.

On January 22, 2021, the trial court entered the post-judgment order that is the subject of this appeal. Because the parties agreed that the stipulated judgment had been partially satisfied, the court determined the outstanding deficiency and, in a detailed written opinion and order, explained its decision:

"This Court previously held that the [stipulated] Judgment limits Plaintiff's remedy to foreclosure. The Judgment does not, however, further limit the remedy of foreclosure so that the sale of the collateral would satisfy the entire debt regardless of any discrepancy between the sold collateral's value and the money award amount listed in the Judgment. Under Oregon law, the remedy of foreclosure includes the right to enforce a judgment by execution where a judgment includes a money award that the

sale of foreclosed property fails to satisfy. ORS 88.060(3). Based on the inclusion of the money award amount in the Judgment and the language used in the foreclosure provision, Plaintiff's exclusive remedy of foreclosure encompasses this right.

"ORS 88.060(3) provides that where a 'judgment includes a money award against the defendants[,]' and the proceeds of a sheriff's sale do not satisfy the judgment, 'the judgment may be enforced by execution as in ordinary cases.' Therefore, the enforcement of a judgment of lien foreclosure includes a right to enforcement by execution if 'the net sale proceeds' do not satisfy the money award in the judgment. The Judgment clearly includes a 'money award' for Plaintiff. The Court held earlier that this money award did not create an award for Plaintiff independent of foreclosure. The Parties agreement that the collateral would be sold '*in order to* satisfy the entire debt' does not limit Plaintiffs remedies of foreclosure. The Judgment does not say, for example, that the sale of the collateral 'will' satisfy the entire debt.

"As the sale of the Collateral did not 'satisfy the entire debt,' Plaintiff may, under his remedy of foreclosure, enforce the Judgment by execution for the amount remaining. Therefore, the Judgment has only been partially satisfied. Having found that 'the money award has not been satisfied in full,' the Court must state 'the specific amount that will satisfy the judgment....' ORS 18.235(7). The Court finds that the money award has been satisfied in the amount of $22,376.00, leaving a remaining balance of $162,565.63, inclusive of post-judgment interest, as of July 21, 2020. Interest accrual is ongoing."[2]

---

[2] The court correctly denied plaintiff's motion for entry of partial satisfaction because he lacked standing to file it. ORS 18.235 allows only a "judgment debtor, or a person with an interest in real property against which a judgment lien exists" to file such a motion. That order is not before us on appeal.

The court did, however, declare a $162,565.63 deficiency, as plaintiff requested, under ORS 88.060. ORS 88.060 provides, as relevant:

"(1) A judgment of foreclosure and sale may be enforced by execution as provided in this section.

"(2) If a judgment of foreclosure and sale is given, an execution may issue against the property adjudged to be sold. If the judgment is in favor of the plaintiff only, the execution may issue as in ordinary cases * * *

"(3) If the judgment includes a money award against the defendants or any one of the defendants in person, and the net sale proceeds of the property upon which the lien is foreclosed are insufficient to satisfy the money award

The court then turned to the question of defendants' request for an award of attorney fees under ORS 18.235(8) which, as already noted, permits the trial court to "render a supplemental judgment awarding reasonable attorney fees to the person making the motion" when it "finds that the judgment creditor willfully failed to provide a satisfaction document under ORS 18.225." Plaintiff did not provide defendants with a satisfaction document at any time. The court found that because plaintiff

> "did not provide a satisfaction document to [d]efendant[s] even while asserting that the [j]udgment had been satisfied in part, [p]laintiff has 'willfully failed to provide a satisfaction document.' Therefore, [d]efendants are entitled to their reasonable attorney fees incurred in pursuit of the satisfaction document."

*Trial court's jurisdiction:* We reject plaintiff's assignment challenging the trial court's "determin[ation] that it retained jurisdiction" over matters concerning collection and satisfaction of the judgment once the first appeal was filed. We do so, in part, because that assignment does not identify the specific ruling that it challenges as required by ORAP 5.45(3). To the extent that the assignment implicates the trial court's brief reference to jurisdiction during a hearing on defendants' motion,[3] we note that the trial court retained jurisdiction under ORS 19.270(1)(b) to enforce the judgment and under ORS 19.270(5)(c) to "enter an order or supplemental judgment for the purpose of implementing a settlement ***."

Plaintiff misreads *State ex rel Gattman v. Abraham*, 302 Or 301, 729 P2d 560 (1986), as supporting his position on jurisdiction. That case concerned the question whether under ORS 19.033(1) a notice of appeal from a partial judgment under ORCP 67 B divested the trial court of jurisdiction

---

as to the sum remaining unsatisfied, the judgment may be enforced by execution as in ordinary cases."

[3] The trial court addressed jurisdiction briefly on the record in a hearing on the supplemental motion, as follows:

> "I'm not going to change my opinion on the money award versus foreclosure. So you've filed your appeal on that. And in that regard, after reading everything, I do believe, and I'm going to make the decision out loud here now, that I retain jurisdiction to sort out the judgment issue. So I disagree with Plaintiff that I've lost jurisdiction."

to try the remaining claims against parties not affected by the judgment. *Abraham*, 302 Or at 303. In concluding that the trial court retained jurisdiction to try those remaining claims while the appeal was pending, the Supreme Court concluded that "[i]t was not the intention [of the statute] to oust the trial court of jurisdiction of those parts of the litigation which are not directly involved in the appeal." *Id.* at 310-11. The Supreme Court later clarified that "the 'cause'" over which the appellate court gains exclusive jurisdiction by the filing of an appeal "is not always the entire case." *State v. Branstetter*, 332 Or 389, 403, 29 P3d 1121 (2001). Here, defendants' supplemental motion was a motion to enforce the judgment. The trial court retained jurisdiction over that matter under ORS 19.270(1)(b).

*Sufficiency of defendant's motion:* Plaintiff contends that defendants' motion for entry of satisfaction was facially defective under ORS 18.235 because there had been no "payment of money" and "unless actual money is received, there is no statutory predicate for a judgment debtor to bring a motion under ORS 18.235. Any contrary ruling is manifest error." In support of that argument, plaintiff notes that defendants did not include the information required by ORS 18.235(3)(c) and (d) in their motion because no payment was ever made on the money award. The tender of collateral is itself insufficient, according to plaintiff, because ORS 18.235 requires an actual payment of money, and there are many practical reasons why a judgment creditor might decline collateral in favor of seeking actual payment.

We conclude that defendants' motion was not facially defective, and that the trial court did not err in considering and partially granting the motion. By the time of the court's order, plaintiff had filed his own motion for partial satisfaction in the amount of $22,376 that reflected plaintiff's recovery of certain items of collateral. The trial court reasonably concluded that plaintiff's motion for partial satisfaction was, effectively, a concession that the money award had been satisfied to that extent. Defendants' motion contained enough information about when some of the collateral was delivered and when it was sold at auction to satisfy the requirements of ORS 18.235(3)(c) and (d).

*Attorney fees:* Plaintiff also challenges the trial court's award of attorney fees to defendants under ORS 18.235(8). We review that award for abuse of discretion. ORS 20.075(3). The main focus of plaintiff's argument is that he did not "willfully" fail to provide defendants with a satisfaction of judgment. Willful means "done deliberately: not accidental or without purpose." *Webster's Third New Int'l Dictionary* 2617 (unabridged ed 2002). On the question of whether plaintiff willfully failed to provide a satisfaction, the trial court found that:

> "Plaintiff has at no time provided [d]efendants a satisfaction document since [d]efendants' first request for one in summer of 2019. Even after [p]laintiff sold the collateral he obtained at auction [p]laintiff failed to provide a partial satisfaction document. Because he did not provide a satisfaction document to [d]efendant even while asserting that the Judgment had been satisfied in part, [p]laintiff has 'willfully failed to provide a satisfaction document.' Therefore, [d]efendants are entitled to their reasonable attorney fees incurred in pursuit of the satisfaction document."

Plaintiff had several opportunities to provide a satisfaction document. Even after plaintiff conceded that there had been a partial satisfaction by filing his own motion requesting that the court enter partial satisfaction, he did not provide the satisfaction document. The trial court drew the reasonable inference that plaintiff acted willfully in withholding the satisfaction document under those circumstances. It did not abuse its discretion in doing so.

Affirmed.