272                     April 30, 2025                     No. 395

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Sean MORGAN,
*Petitioner-Respondent,*
*and*

Cherish Adrena Lee MORGAN,
*Respondent-Appellant.*

Washington County Circuit Court
21DR00942; A182461

Kelly D. Lemarr, Judge.

Argued and submitted March 3, 2025.

Cherish Morgan argued the cause and filed the briefs *pro se*.

Laura Graser argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Wife, appearing *pro se*, seeks reversal of the judgment of dissolution of marriage, and "an indefinite monthly payment of spousal support at approximately $6,000." On appeal, she raises four assignments of error. For the following reasons, we affirm.

As a preliminary matter, we decline wife's request for *de novo* review because this is not an exceptional case. *See* ORS 19.415(3)(b) (providing that we may, "acting in [our] sole discretion, \*\*\* try the cause anew upon the record or make one or more factual findings anew upon the record"); ORAP 5.40(8)(c) (providing that we will "exercise [our] discretion" to review *de novo* "only in exceptional cases").

We briefly recite the background facts here and supplement those facts in our analysis of wife's assignments of error. Husband and wife were married for 24 years before husband filed a petition for dissolution of marriage. In response, wife "agree[d] to an equitable and fair spilt of the property and business assets [and] the debts obtained during the entire length of the marriage," but sought spousal support "in light of the parties' disparate incomes and earning potentials and Wife's chronic and ongoing severe health issues."

The record indicates that the parties engaged in discovery for more than 18 months. After husband filed a motion to compel followed by a motion for ORCP 46 sanctions, the court held a hearing and ordered wife to produce her disability applications. About a month later, husband filed a motion *in limine* requesting the trial court "exclud[e] evidence and any reference to documents and records that [wife] has failed to produce." At the subsequent hearing, the trial court found that wife had failed to produce her disability applications and granted husband's motion, prohibiting wife "from introducing any evidence, whatsoever, related to a disability." However, the court did not "dismiss [wife's] claim for spousal support because there are other bases for spousal support to be awarded." After trial, the court entered a general judgment of dissolution that awarded wife transitional and maintenance support of $3,000 per month

for six months and monthly maintenance supposal support of $1,500 per month for 10 years. This appeal followed.

*Accessible communication.* In her first assignment of error, wife argues that the trial court erred during an April 19, 2023, hearing when it "disregard[ed] wife's needs for accessible communication and fail[ed] to uphold a standard of accessible communication between the parties."

We cannot review wife's argument because it does not comply with ORAP 5.45(3), which requires that "[e]ach assignment of error * * * identify precisely the legal, procedural, factual, or other ruling that is being challenged." We are unable to do so because wife "has not identified any ruling of the trial court in [her] assignment of error, or even a legal conclusion made." *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 360, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322, 383 P3d 409 (2016). After reviewing the transcript from the April 19, 2023, hearing, we are "unable to discern from [wife's] briefing which ruling [wife] seeks to challenge or whether that challenge was preserved." *Id.*; *see also Justice and Crum*, 265 Or App 635, 638 n 1, 337 P3d 840 (2014) ("A brief that challenges only specific factual findings or legal conclusions does not meet that requirement. Such failures leave us to attempt to divine * * * what the appellant most likely is getting at.") (Internal quotation marks, citation, and brackets omitted.)).

*Accommodations.* In her second assignment of error, wife argues that the trial court plainly erred because it did not "acknowledg[e] [or] accommodat[e] wife's disabilities and physical limitations during the proceedings."

"For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If we conclude that any error is plain, we then "determine whether to exercise [our] discretion to review the error." *Id.* at 630.

We have reviewed the record and conclude that any error is not "obvious and not reasonably in dispute" or "apparent on the record." *Id.* at 629.

At a May 2023 hearing, the trial court acknowledged that wife had requested "an ADA accessible courtroom," stated that it had selected a courtroom to accommodate that request, and asked wife if the courtroom was acceptable. After wife responded that she "struggle[d]" with the court-room door, the court stated that it would ensure that someone would open the door for her. The following month, wife submitted a written request for the following accommodations:

> "1)   A courtroom without big plate windows, which causes extreme eye pain and migraines to face.
>
> "2)   A designated person to read documents out loud to and for [wife]
>
> "3)   Printed documents be prepared and given in 48 pt font
>
> "4)   Wheelchair accessibility: If lower levels need to be accessed for meeting, the meeting location should have ramps and/or elevators to accommodate a wheelchair. The meeting area should also have clearance to navigate and turn around in the wheelchair."

At the subsequent hearing, the trial court stated that wife "has been granted some ADA accommodations here today" and that a designated person (reader) was "here now to assist [wife] in reading any documents due to [her] eye condition." The court also stated that it "under[stood] that [wife will] need to take some breaks."[1] As a consequence, it is not "obvious" that the trial court failed to acknowledge or accommodate wife's requests.

In addition, wife argues that, during "mediation calls" that purportedly occurred in September and October 2022, the reference judge "ordered a standard of communication with wife that would include hand delivered messages and phone calls to notify wife of pending matters or documents which required her attention." The record is devoid of any such court order or any records concerning any "mediation calls." Because it is not "obvious and not reasonably in dispute" or "apparent on the record" that the trial court did

---

[1] At that hearing, wife orally requested "four-hour" court days and the court informed wife that she had requested breaks, not shorter days. The court further stated, that "[i]f you need additional breaks, all you have to do is request." Wife then requested "no breaks, if that's possible."

not "acknowledge" or "accommodate" wife's accommodation requests, we conclude that the trial court did not plainly err.

*Discovery sanction.* Wife's third and fourth assignments of error challenge the trial court's finding that wife did not comply with its discovery order and its grant of husband's motion *in limine* as a sanction.

"We review a trial court's decision to impose sanctions under ORCP 46 B(2) for an abuse of discretion. We consider the facts in light of that standard." *Noor and Chowdhury*, 329 Or App 162, 163, 540 P3d 41 (2023) (internal quotation marks and citation omitted).

Here, husband filed a motion for sanctions under ORCP 46, arguing that wife had not provided the requested documents. At the subsequent hearing, the court engaged in a colloquy with wife and found that wife was being "evasive." The court then ordered wife to "produce" the disability applications to husband's counsel "by tomorrow" or it would "grant [husband's] motion and disallow [her] from presenting a disability claim to a court in support of [her] spousal support." About a month later, husband filed the motion *in limine*. In a declaration, husband's counsel stated that "Wife has not produced any applications for social security disability or employment disability insurance applications."

At the following hearing, the trial court asked wife to provide "any documents * * * that would tend to support [wife's] assertion that [she] sent the disability documents to [husband's counsel] as [the court] ordered." Wife requested that the reader look through her documents to help her find a document that proved that she produced the disability applications. After the trial court directed the reader to review wife's exhibit list and locate any documents that wife wanted to present, the reader conferred with wife about the exhibit list. Even with the reader's assistance, wife was "not sure which [document] it is."[2]

---

[2] We observe that, in her objection to husband's supplemental judgment for attorney fees, wife included an email that she had sent to husband's counsel on June 29, 2023. Wife attached two documents to that email: her Social Security Statement dated July 2022 and a Social Security Administration Benefit Verification Letter dated July 26, 2022. However, wife did not attach any disability applications to that email.

On appeal, we understand wife to argue that the trial court erred when it determined that she did not comply with its order to produce disability applications because the applications were not relevant and "did not exist in any obtainable form." Thus, we understand wife to make a factual argument that she "was unable to comply with the court's order. Accordingly, our analysis reduces to whether that factual premise exists in this case—that is, whether [wife] demonstrated [her] inability to comply with the order." *McDowell v. Allied Building Products Corp.*, 235 Or App 12, 24, 230 P3d 552 (2010).

We conclude that wife "failed to prove the factual premise underlying [her] position—*viz.,* that [she] was unable to comply with the court's order." *Id.* at 25. The evidence in the record supports the trial court's finding that wife did not comply with its order to produce her disability applications. Specifically, after considering husband's counsel's declaration, the trial court gave wife the opportunity to respond to counsel's representations and to offer evidence that she had complied. Despite that opportunity, wife did not articulate that she could not obtain such documents or how documents that she had produced complied with the court's order. We recognize the significant challenges that the legal system poses to *pro se* litigants and litigants with disabilities. But while those challenges can make litigation more difficult, they do not relieve parties of their obligations to comply with court orders. *Cf. State v. Palmer*, 35 Or App 125, 128, 580 P2d 592 (1978) ("A defendant appearing *pro se* must inform himself of and comply with court rules as any other litigant.").

We further conclude that the trial court did not abuse its discretion when it prohibited wife from presenting evidence about her disabilities as a sanction. ORCP 46 B authorizes a trial court to fashion sanctions for discovery violations and, in turn, ORCP 46 B(2)(b) provides that a court may issue "[a]n order refusing to allow the disobedient party to support *** claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence."

Here, the record demonstrates that wife's disability applications were relevant to her spousal support request. Although the applications were not dispositive of wife's ability to work, they were relevant to that issue because the trial court was required to consider several factors when awarding spousal maintenance, including wife's "health, including [her] physical, mental, and emotional condition" and her "financial needs." ORS 107.105(1)(d)(C). Indeed, in her response to the petition for dissolution, wife alleged that spousal support was appropriate because of her "chronic and ongoing severe health issues." In addition, when the trial court first considered husband's request for discovery sanctions, it found that wife was being "evasive" regarding the requested records. That credibility finding "support[s] the trial court's choice of sanction." *Noor*, 392 Or App at 173. Finally, "despite [wife's] failure to comply with discovery obligations, the trial court did not choose the most severe sanctions available. For example, *** the trial court did not find [wife] to be in contempt of court, ORCP 46 B(2)(d)[.]" *Noor*, 392 Or App at 172-73. And although ORCP 46 B(2)(c) authorizes a trial court to dismiss a claim as a sanction for a discovery violation, the trial court did not do so because it found that "there are other bases for spousal support to be awarded, and it's [the court's] understanding those documents have been produced." In sum, we conclude that the court acted within its discretion when it granted husband's motion *in limine* as a sanction for wife's failure to comply with its discovery order. *See Miner v. Safeco Ins. Co. of Oregon*, 333 Or App 1, 3, 551 P3d 945 (2024) ("ORCP 46 B(2) provides that if a party fails to obey a discovery order, the court may make any order in regard to the failure as is just[.]").

Affirmed.